**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

SEP 20 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID DOUGLAS FENNELL, | No.    20-16487 |
| Plaintiff-Appellant, | D.C. No. 3:20-cv-01522-EMC |
| v. | |
| ROB BONTA, in his official capacity as California Attorney General, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Submitted September 14, 2021[**]

Before:    PAEZ, NGUYEN, and OWENS, Circuit Judges.

David Douglas Fennell appeals pro se from the district court's judgment

dismissing his action challenging the constitutionality of California's anti-SLAPP

statute, Cal. Civ. Proc. Code § 425.16.  We have jurisdiction under 28 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1291.  We review de novo a dismissal under 28 U.S.C. § 1915(e)(2)(B).  *Watson v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).  We affirm.

The district court properly concluded that Fennell failed to state a claim that California's anti-SLAPP statute is unconstitutional because it was enacted to retaliate against him.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (a plaintiff must present factual allegations sufficient to state a plausible claim for relief).  Fennell also failed to state a claim that the statute's provision for the striking of certain claims arising from speech concerning "an issue of public interest," Cal. Civ. Proc. Code § 425.16(e)(3), violates the First Amendment by singling out whistleblowers for different treatment.  *See IMDb.com Inc. v. Becerra*, 962 F.3d 1111, 1120 (9th Cir. 2020) (a law does not offend the First Amendment by having only an incidental effect on speech).

We do not consider matters not specifically raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**